

**U.S. Department of Justice**

Kenneth L. Wainstein
United States Attorney

*District of Columbia*

---

*Judiciary Center*
*555 Fourth St., N.W.*
*Washington, D.C. 20530*

April 17, 2006

**FILED**

MAY 0 4 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Kent Wicker, Esq.
Reed Wicker PLLC
2100 Waterfront Plaza
321 West Main Street
Louisville, Kentucky 40202

Re: <u>United States v. David S.C. Tatum</u>   ( 06-112 JDB )

Dear Mr. Wicker:

This letter sets forth the terms of the plea agreement that this Office (referred to herein as "the government" or "the United States") is willing to enter into with your client, David S.C. Tatum. If Mr. Tatum accepts the terms and conditions of this offer, please have him initial each page of both originals of this letter and sign at the end, and please do the same yourself, and then return both originals to us. Upon our receipt of the executed document, it will become the plea agreement. The terms of the agreement are as follows:

1. **Charges**. Your client agrees to plead guilty to a criminal Information to be filed in the United States District Court for the District of Columbia, charging him with Making a Material False Statement, in violation of 18 U.S.C. § 1001, as set forth in the Stipulated Statement of Facts enclosed with this plea agreement.

2. **Potential penalties and assessments**. Your client understands that the charge to which he is pleading guilty carries the potential penalties of not more than 10 years of imprisonment, a $250,000 fine, and 3 years of supervised release, pursuant to 18 U.S.C. §§ 1001, 3571(b)(3), and 3583. In addition, your client agrees to pay a special assessment of $100 upon the count of conviction, to the Clerk of the United States District Court before the date of sentencing. 18 U.S.C. § 3013. Your client understands that the sentence in this case will be determined by the Court, guided by the factors listed in 18 U.S.C. § 3553(a) and after consulting with and taking into account the United States Sentencing Guidelines (U.S.S.G. or Guidelines).

_____ DSCT
_____ KW

3. **Agreement not to prosecute.** Other than the offense to which your client agrees to plead guilty pursuant to this agreement, the United States agrees not to charge your client with any other criminal offenses committed before execution of this agreement, arising out of sales and attempted sales by Clark Material Handling Company and its related entities to Sharp Line Trading Company and/or Sepahan Lifter. This paragraph does not apply to any other "crimes of violence," as that term is defined by 18 U.S.C. § 16 and D.C. Code § 22-3202, or any offenses which your client failed to disclose to us before entering into this agreement.

4. **Release/Detention Pending Sentencing.** In consideration for his timely acceptance of this plea agreement, the government agrees that it will not seek your client's detention pending sentencing.

5. **Waiver of Constitutional and Statutory rights**. Your client understands that by pleading guilty in this case he agrees to waive certain rights afforded by the Constitution of the United States and/or by statute, including the right to plead not guilty and the right to a jury trial. At trial, your client would have the right to be represented by counsel, to confront and cross-examine witnesses against him, to compel witnesses to appear for the purpose of testifying and presenting other evidence on your client's behalf, and to choose whether to testify himself. If your client chose not to testify at a jury trial, he would have the right to have the jury instructed that him failure to testify could not be held against him. Your client would further have the right to have the jury instructed that he is presumed innocent until proven guilty, and that the burden would be on the United States to prove him guilt beyond a reasonable doubt. If your client were found guilty after a trial, he would have the right to appeal the conviction.

Your client understands that the Fifth Amendment to the Constitution of the United States protects him from the use of self-incriminating statements in a criminal prosecution. By entering this plea of guilty, your client knowingly and voluntarily waives or gives up this right against self-incrimination.

5. **Sentencing**. Your client and this Office agree that a sentence within the sentencing range determined pursuant to the United States Sentencing Guidelines would be a reasonable sentence for him in this case. Specifically, the parties agree that the following Guidelines calculations apply in this case:

The parties agree that the Guideline applicable to the charge to which your client is pleading guilty – Making a Material False Statement – is §2B1.1(a)(2) and the base offense level is 6.

The parties also agree that, other than a 2-level reduction pursuant to §3E1.1(a), no other enhancements or reductions in the Guidelines calculation are applicable to your client, and none will be sought by either party

_____ DSCT
_____ KW

2

The parties agree that if your client continues to clearly demonstrate his acceptance of responsibility for his criminal conduct, commits no other criminal acts, and otherwise complies with the terms and conditions of this agreement, then the United States will not oppose a 2-level reduction of the defendant's offense level pursuant to §3E1.1(a) (Acceptance of Responsibility), which will decrease your client's final adjusted offense level to 4. If those conditions are satisfied, then the United States and the defendant agree not to seek a sentence outside the Guideline range applicable to defendant based upon Offense Level 4 and the applicable Criminal History Category, which the parties believe to be Category I. The resulting potential term of imprisonment is 0-6 months. The government agrees that any sentence within that range is appropriate and acceptable, and will not seek a term of incarceration.

Your client fully and completely understands that the final determination of his sentence will be made by the Court, which must consult with and take into account the United States Sentencing Guidelines but is not bound by those Guidelines. Your client understands that the failure of the Court or the Probation Office to determine the Guideline range in accordance with the above calculations will not void this plea agreement or serve as a basis for withdrawal of this plea. Your client understands and agrees that he will not be allowed to withdraw the guilty plea entered pursuant to this plea agreement solely because of the harshness of any sentence recommended by the Probation Office or imposed by the Court, and that a motion to withdraw the plea on that basis may be treated by the United States as a breach of this plea agreement.

Finally, your client is aware that federal law, specifically 18 U.S.C. § 3742, affords him the right to appeal his sentence. The defendant is aware that the parties' calculation of the sentencing range under the Sentencing Guidelines is not a promise of the sentence to be imposed on him and is not binding on the Court. Knowing that, your client waives the right to appeal his sentence or the manner in which it was determined pursuant to 18 U.S.C. § 3742, except to the extent that the Court sentences the defendant to a period of imprisonment longer than the statutory maximum. Realizing the uncertainty in estimating what sentence the Court will ultimately impose, the defendant knowingly and willingly waives his right to appeal the sentence, to the extent noted above, in exchange for the concessions made by the government in this agreement. In agreeing to this waiver, your client is aware that his sentence has not yet been determined by the Court. Further, the defendant reserves his right to make a collateral attack upon his sentence pursuant to 28 U.S.C. § 2255 if new and currently unavailable information becomes known to him.

6. **Reservation of allocution**. Your client understands that the United States reserves its full right of allocution for purposes of sentencing in the federal charge. The United States reserves the right to describe fully, both orally and in writing, to the sentencing judge the nature and seriousness of your client's misconduct, including misconduct not described in the charge to which your client is pleading guilty. The United States also reserves the right to inform the presentence report writer and the Court of any relevant facts, to dispute any factual inaccuracies in the presentence report, and to contest any matters not provided for in this plea agreement.

3           _____ DSCT
            _____ KW

Your client also understands that the United States retains its full right of allocution in connection with any post-sentence motion which may be filed in this matter and/or any proceeding before the Bureau of Prisons. The United States reserves the right to appeal the sentence in this case.

The government and your client agree, in accordance with U.S.S.G. §1B1.8, that the government will be free to use against your client for any purpose at the sentencing in this case any self-incriminating information provided by your client pursuant to this agreement.

7. **Breach of agreement**. Your client understands and agrees that if he fails specifically to perform or to fulfill completely each and every one of his obligations under this plea agreement, or commits any further crimes, then he will have breached this plea agreement. In the event of such a breach, (a) the United States will be free from its obligations under the agreement; (b) your client will not have the right to withdraw the guilty plea; (c) your client shall be fully subject to criminal prosecution for any other crimes which he has committed or might commit, if any, including perjury and obstruction of justice; and (d) the United States will be free to use against your client, directly and indirectly, in any criminal or civil proceeding all statements made by him and any of the information or materials provided by him, including such statements, information and materials provided pursuant to this agreement or during the course of any debriefings conducted in anticipation of, or after entry of this agreement, including your client's statements made during proceedings before the Court pursuant to Federal Rule of Criminal Procedure (Fed. R. Crim. P.) 11.

Your client acknowledges discussing with you Fed. R. Crim. P. 11(f) and Federal Rule of Evidence (FRE) 410, rules which ordinarily limit the admissibility of statements made by a defendant in the course of plea discussions or plea proceedings if the guilty plea is later withdrawn. Your client knowingly and voluntarily waives the rights which arise under these rules. As a result of this waiver, your client understands and agrees that any statements which are made in the course of his guilty plea will be admissible against him for any purpose in any criminal or civil proceeding if he breaches this plea agreement or his guilty plea is subsequently withdrawn. Moreover, in the event your client's guilty plea is withdrawn, he agrees that the United States will be free to use against him in any criminal or civil proceeding any statements made during the course of any debriefing conducted in this case, regardless of whether those debriefings were previously covered by an "off the record" agreement by the parties.

Your client understands and agrees that the United States shall only be required to prove a breach of this plea agreement by a preponderance of the evidence. Your client further understands and agrees that the United States need only prove a violation of federal, state, or local criminal law by probable cause in order to establish a breach of this plea agreement.

_____ DSCT
_____ KW

4

Nothing in this agreement shall be construed to permit your client to commit perjury, make false statements or declarations, or obstruct justice, or to protect your client from prosecution for any crimes not included within this agreement or committed by him after the execution of this agreement. Your client understands and agrees that the United States reserves the right to prosecute him for any such offenses. Your client further understands that any perjury, false statements or declarations, or obstruction of justice relating to his obligations under this agreement shall constitute a breach of this agreement. However, in the event of such a breach, your client will not be allowed to withdraw this guilty plea.

8. **Prosecution by Other Agencies/Jurisdictions**. This agreement only binds the United States Attorney's Office for the District of Columbia. It does not bind any other United States Attorney's Office or any other office or agency of the United States government, including, but not limited to, the Tax Division of the United States Department of Justice, the Internal Revenue Service of the United States Department of the Treasury; United States Department of Commerce; or any state or local prosecutor. These individuals and agencies remain free to prosecute your client for any offense(s) committed within their respective jurisdictions.

9. **No Other Agreements**. No other agreements, promises, understandings, or representations have been made by the parties other than those contained in writing herein, nor will any such agreements, promises, understandings, or representations be made unless committed to writing and signed by your client, your client's counsel, and an Assistant United States Attorney for the District of Columbia, or made by the parties on the record before the Court.

The original of this plea agreement, signed by all parties, will be filed with the Court.

Sincerely,

KENNETH L. WAINSTEIN
United States Attorney

Laura A. Ingersoll
Assistant United States Attorney

Jay I. Bratt
Assistant United States Attorney

_____ DSCT
_____ KW

5

## Defendant's Acceptance

I have read this plea agreement and carefully reviewed every part of it with my attorney. I am fully satisfied with the legal services provided by my attorney in connection with this plea agreement and all matters relating to it. I fully understand this plea agreement and voluntarily agree to it. No threats have been made to me, nor am I under the influence of anything that could impede my ability to understand this plea agreement fully. No agreements, promises, understandings, or representations have been made with, to, or for me other than those set forth above. I am pleading guilty to the offense of making a material false statement because I am guilty of that crime.

_5/4/06_
Date

_[signature]_
David S. C. Tatum
Defendant

## Defense Counsel's Acknowledgment

I am David S. C. Tatum's attorney. I have reviewed every part of this plea agreement with him. It accurately and completely sets forth the entire agreement between the defendant and the Office of the United States Attorney for the District of Columbia.

_5/4/06_
Date

_[signature]_
Kent Wicker, Esq.
Counsel for Mr. Tatum