UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>)<br>)<br>v.                                                    )<br>)<br>)<br>)<br>DAVID TATUM,                        )<br>)<br>Defendant.                           )<br>_____) | No.  CR-06-00112-JDB |

**SENTENCING MEMORANDUM
OF DEFENDANT DAVID TATUM**

Introduction

This Court should sentence Mr. Tatum, a seventy-year-old man who has led an otherwise exemplary life, to a sentence of probation and a $500.00 fine.  This sentence of probation is the most appropriate sentence since it is the sentence which best reflects the nature of the criminal offense, is in accordance with the federal Sentencing Guidelines, and is not opposed by the government.

Mr. Tatum has entered a guilty plea to one count of Making a False Statement, in violation of 18 U.S.C. § 1001.  Under the Guidelines, Mr. Tatum's total offense level is a 4:  the base level offense is a 6, with a 2-point reduction for his acceptance of responsibility.  The government has indicated that it will not seek any enhancements or any prison time to be served by Mr. Tatum.  As the parties are in agreement that a sentence of probation is the most appropriate, the Court should impose that sentence.

In the Supreme Court's landmark decision in *United States v. Booker*, 543 U.S. 220 (2005), the Court ruled that the federal sentencing guidelines were advisory, not mandatory, and that federal judges were required to tailor sentences in keeping with the requirements of 18 U.S.C. § 3553(a). The post-*Booker* world now "requires a sentencing court to consider Guidelines ranges . . . but it permits the court to tailor the sentence in light of other statutory concerns as well. . . ." *Booker*, 543 U.S. at 245-246. Since the Supreme Court's decision, "there is a broad consensus that *Booker* requires judges to engage in a two-step analysis to determine a reasonable sentence. '[A] district court shall first calculate . . . the range provided by the guidelines. Then, the court shall consider that range as well as other relevant factors set forth in the guidelines and those factors set forth in [18 U.S.C. § 3553(a)] before imposing a sentence.'" *United States v. Doe*, 412 F. Supp. 2d 87, 90 (D.D.C. 2006), quoting *United States v. Clark*, 434 F.3d 684, 685 (4th Cir. 2006). Under both the federal guidelines and the enumerated factors of 18 U.S.C. § 3553(a), the result is the same: probation with a $500 fine is the most appropriate sentence, best tailored to the nature of the offense and to the nature of the defendant.

Argument

I.     THE CALCULATION OF MR. TATUM'S SENTENCING RANGE UNDER THE GUIDELINES PROVIDES FOR PROBATION.

Mr. Tatum is now retired and working part-time, but for more than 40 years, he worked for Clark Material Handling Company ("Clark"), a Lexington, Kentucky company which makes forklift trucks. He has pleaded guilty to one count of Making a

False Statement in violation of 18 U.S.C. § 1001(a)(2), in connection with a violation of the Iran embargo.

Under U.S.S.G. § 2B1.1(a)(2), the base level offense is six. Mr. Tatum's offense has caused no loss. He has fully demonstrated acceptance of his responsibility, and this acceptance reduces his offense by two points pursuant to U.S.S.G. § 3E1.1(a). Under the sentencing guidelines, Mr. Tatum's total offense level is a mere four points. Mr. Tatum has no criminal history, so his criminal history score is zero and his criminal history category is one under U.S.S.G. Chapter 5, Part A. The guidelines range of potential sentences extends from zero to six months, due to Mr. Tatum's offense level being a four. Since the applicable range falls within Zone 1 of the Sentencing Table, the Court has authority to sentence Mr. Tatum to a term of probation instead of imprisonment.

It is probation which is the most appropriate sentence in this case. Mr. Tatum is a seventy-year-old man with a solid family and work history, no prior criminal history, and he has demonstrated complete responsibility for his offense. A term of probation placed upon an otherwise upstanding business and community man as Mr. Tatum serves the goals of sentencing. Indeed, the embarrassment of being charged – prominently reported in his home-town newspaper -- in itself has served the goals of punishment and deterrence.

II.  THE STATUTORY CONSIDERATIONS SET FORTH IN 18 U.S.C. § 3553(A) PROVIDE THAT PROBATION IS THE APPROPRIATE SENTENCE FOR MR. TATUM.

Under 18 U.S.C. § 3553(a), the Court must determine a sentence which indicates the nature and circumstances of the offense and the history and characteristics of the defendant; reflects the seriousness of the offense, affords adequate deterrence and

3

protects the public from further crimes of the defendant; and provides restitution to the victim, if any.  Consideration of these factors, like with the sentencing guideline, demonstrates the appropriateness of probation for Mr. Tatum.  The first factor examines the nature of the offense and the characteristics of the defendant.  As the Guidelines Offense Level indicates, Mr. Tatum's offense is not as serious as many before this Court.

Mr. Tatum himself has proved to be an otherwise exemplary citizen.  Born in England in 1936, and evacuated as a child to the British countryside during WW II, he has gone on to become a prominent businessman in the Lexington, Kentucky, community.  Both his work life and his home life are solid and stable.  He is a man of long-term and steady commitments:  to Clark, his company of 40 years, and to Pamela, his wife of 36 years.  He has two children, now grown, one of whom manages his own business in England, the other of whom is a marketing executive for the Red Cross in St. Louis, Missouri.

While Mr. Tatum's work and family ethics are strong, his health is less so.  At age 70, he has survived two bouts of open-heart surgery.  The most recent surgery took place just last year while this case was pending.  He also suffers from diabetes and arthritis, among a host of other ailments, and daily takes ten different forms of medication.

Mr. Tatum, simply put, would not be the type of inmate whose imprisonment would serve any goals of deterrence or protection.  Having never committed any previous crime in the past, he is not going to commit any other offenses in the future.  The incarceration of a 70 year-old business and family man would not fail to protect the public, since he hardly presents a danger.  It would instead inflict harm upon the public

and his family because the incarceration would deprive them of Mr. Tatum's productivity, support, and companionship.

## Conclusion

For the above stated reasons, and given the lack of opposition from the government, Mr. Tatum respectfully requests this Court to impose a sentence of one-year probation and a $500.00 fine, rather than a term of imprisonment.

Respectfully submitted,

/s/ Kent Wicker
Kent Wicker
Karen Quinn
Reed Wicker PLLC
2100 Waterfront Plaza
321 West Main Street
Louisville, KY 40202
(502) 572-2500
kent@reedwicker.com


 /s/ Christopher Davies
Christopher Davies
Wilmer Cutler Pickering Hale and Dorr LLP
2445 M Street NW
Washington, DC 20037
(202) 663-6187

<u>Certificate of Service</u>

I hereby certify that a copy of the foregoing has been served upon Jay Bratt and Laura Ingersoll, counsel for the United States, by first class mail or electronic service, this 27th day of July, 2006.

                                      <u>/s/ Kent Wicker</u>
                                      Kent Wicker