IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | |
| | : | |
| v. | : | **CRIMINAL NO. 06-112 (JDB)** |
| | : | |
| **DAVID S.C. TATUM,** | : | |
| | : | |
| **Defendant.** | : | |

### GOVERNMENT'S SENTENCING MEMORANDUM

The government agrees with the defendant that under the United States Sentencing Guidelines and the factors set forth in 18 U.S.C. §3553(a) – both of which should be considered by the Court – the appropriate sentence for David Tatum in this case is probation, and the government has so stipulated in the plea agreement. However, the government disagrees with the defendant that an appropriate fine would be $500, and instead submits that the fine imposed should be $5,000, the maximum provided for under the Sentencing Guidelines, in view of the fact that the defendant's poor health may make it unlikely he could perform a substantial amount of community service as a condition of his probation.

Having presided over the trial in United States v. Robert E. Quinn and Michael H. Holland, Criminal No. 05-018, the Court is well familiar with the factual context in which defendant Tatum's actions arose. The particular gravity of the offense to which he has pled guilty – making a material false statement to federal agents investigating illegal exports to a country deemed to be a state-sponsor of terrorism – lies in that action's particular power to frustrate the government's truth-seeking function. When the government cannot rely on the truthfulness of those who know about ongoing and past illegal activity, the common good suffers. Probation

without some punitive conditions would be insufficient to rederess such harm.  Because Mr. Tatum's conduct related directly to his employment as a senior executive with Clark Material Handling Company, it seems suitable to require him to disgorge a small share of his income from that employment in redress for his offense.

Accordingly, the government requests that in sentencing this defendant to a term of probation, the Court impose as a condition the payment of a $5,000 fine.

      Respectfully submitted,

      KENNETH L. WAINSTEIN
      UNITED STATES ATTORNEY
      D.C. Bar 451058

By:

      Laura A. Ingersoll
      Assistant United States Attorney
      Connecticut Bar # 306759
      202/514-9549
      Laura.Ingersoll@usdoj.gov

      Jay I. Batt
      Assistant United States Attorney
      D.C. Bar # 426585
      202/514-5776
      Jay.Bratt@usdoj.gov

      National Security Section
      United States Attorney's Office
      555 4th Street, NW – 11th Floor
      Washington, D.C.   20530